ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **ÁNGEL E. PÉREZ RODRÍGUEZ**<br>RECURRENTE(S)<br><br>V.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br>RECURRIDA(S) | **KLRA202300544** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación (DCR)<br><br>Caso Núm.<br>**PP-807-23**<br><br>Sobre:<br>Ley Núm. 85-2022 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 30 de noviembre de 2023.

Comparece ante nos el señor **ÁNGEL E. PÉREZ RODRÍGUEZ** (señor **PÉREZ RODRÍGUEZ**)**,** por derecho propio e *in forma pauperis*, mediante *Revisión Judicial* instada el 13 de octubre de 2023. En su escrito, nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* emitida el 31 de agosto de 2023 por la División de Remedios Administrativos del **Departamento de Corrección y Rehabilitación (DCR)**. [1] En dicha *Respuesta*, el **DCR** dispuso: "[s]egún la solicitud en este remedio, se verifica el expediente y tiene realizada una nueva liquidación de sentencia con fecha del 28 de agosto de 2023 aplicando la [L]ey 85-2022".

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Véase Apéndice de *Revisión Judicial*, págs. 4- 5.

Número Identificador:
SEN2023_____

## - I -

El 2 de agosto de 2023, el señor **PÉREZ RODRÍGUEZ** suscribió una *Solicitud de Remedio Administrativo (Solicitud)* requiriendo que se le proveyera su nueva *Hoja de Control sobre Liquidación de Sentencias* en la cual se incluyeran los efectos de la Ley 85 de 11 de noviembre de 2022.[2] Dicha *Solicitud* fue presentada el 4 de agosto de 2023 y recibió el número PP-807-23. El día 31 de agosto de 2023, la señora Millieangerly Ortiz, evaluadora, suscribió la *Respuesta al Miembro de la Población Correccional* expresando lo siguiente: "[s]egún la solicitud en este remedio, se verifica el expediente y tiene realizada una nueva liquidación de sentencia con fecha del 28 de agosto de 2023 aplicando la [L]ey 85-2022". La notificación fue efectuada el 14 de septiembre de 2023 al señor **PÉREZ RODRÍGUEZ**.

El 15 de septiembre de 2023, el señor **PÉREZ RODRÍGUEZ** firmó la *Solicitud de Reconsideración* argumentando que: "[e]n dicha hoja se proyecta que la fecha del mínimo de la Sentencia de este MPC es para el 6 de noviembre de 2034 esto para la J.L.B.P.".[3] Dicho petitorio fue presentado el 19 de septiembre de 2023. Ese mismo día, 19 de septiembre de 2023, la señora Joan Mariani Ortiz, Coordinadora, determinó denegar la solicitud de reconsideración. Su escrito enuncia: "[l]a liquidación de sentencia emitida el 28 de agosto de 2023 refleja los criterios de la Ley 85. Por lo que se acoge la respuesta emitida por la Sra. Brenda Alvarado Pag[á]n, técnica record".[4]

Inconforme con la antedicha conclusión, el 20 de octubre de 2023, el señor **PÉREZ RODRÍGUEZ** acudió ante este Tribunal de Apelaciones mediante su *Revisión Judicial*. En su manuscrito, señala el(los) siguiente(s) error(es):

---

[2] Véase Apéndice de *Revisión Judicial*, pág. 3. Para enmendar el Artículo 308 de la Ley 146-2012, según enmendada, conocida como "Código Penal de Puerto Rico", con el fin de establecer los términos para cualificar para la consideración de la Junta de Libertad Bajo Palabra; enmendar el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "Ley de la Junta de Libertad Bajo Palabra", a los fines de atemperar su contenido con las disposiciones de este estatuto y lo dispuesto en la Ley 168-2019, conocida como "Ley de Armas de Puerto Rico de 2020"; disponer sobre la retroactividad de la aplicación de esta Ley; y para otros fines relacionados.

[3] Véase Apéndice de *Revisión Judicial*, pág. 6.

[4] *Íd.*, pág. 7. El 24 de septiembre de 2023, el señor **PÉREZ RODRÍGUEZ** recibió su copia.

> Erró el Departamento de Corrección por conducto de la Técnic[a] de R[é]cord Criminal esto debido que no cumple con lo que estipula la Ley 85-2022 en cuanto a tabular conforme a la pena mayor impuesta para el mínimo de la J.L.B.P. esto ya que se est[á] operando en contra del derecho debido a que este recurrente cumple sentencia consolidada de 173 años y su pena mayor de 99 años.

El pasado 31 de octubre, dictaminamos *Resolución* en la cual se concedió un plazo perentorio de treinta (30) días para exponer posición sobre el recurso incoado al **DCR**. El 22 de noviembre de 2023, el **Departamento de Corrección y Rehabilitación** (**DCR**), por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* aduciendo que el 2 de noviembre de 2023 se le entregó *Hoja Control sobre Liquidación de Sentencias* y *Notificación sobre Cambio de Fecha de Cumplimiento de Sentencia* al señor **PÉREZ RODRÍGUEZ**.[5]

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[6] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[7]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un

---

[5] Véase Apéndice de *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, pág. 5.
[6] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[7] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[8]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[9]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[10] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[11]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[12]

---

[8] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra; *Allied Mgmt. Group v. Oriental Bank*, supra, págs. 366-387.
[9] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 395; *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).
[10] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).
[11] *Íd.*
[12] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones dispone en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: [ ]...(5) que el recurso se ha convertido en académico".[13] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[14] Ello sin entrar en los méritos de la controversia ante sí.

- III -

En este recurso, el señor **PÉREZ RODRÍGUEZ** alegó que el **Departamento de Corrección y Rehabilitación (DCR)** incidió al no entregarle una nueva *Hoja de Control sobre Liquidación de Sentencias* incluyendo los efectos de la Ley 85 de 11 de noviembre de 2022.

Hemos evaluado todos los documentos presentados por las partes y surge que el pasado 2 de noviembre, el señor **PÉREZ RODRÍGUEZ** recibió copia de *Hoja de Control sobre Liquidación de Sentencias.* Dicho documento acredita que el **DCR** adjudicó las disposiciones de la Ley 85- 2022.[15] En consecuencia, entendemos que los hechos medulares han cambiado toda vez que la reclamación del señor **PÉREZ RODRÍGUEZ** ha sido atendida. Ante la ausencia de una controversia genuina entre las partes, entendemos que el recurso de *Revisión Judicial* se ha tornado *académico*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por academicidad, este *Revisión Judicial* incoado el 13 de octubre de 2023 por el

---

[13] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[14] *Allied Mgmt Group v. Oriental Bank, supra*, pág. 385.
[15] El señor **PÉREZ RODRÍGUEZ** reclamó que el 6 de enero de 2032 debe cualificar para la Junta de Libertad Bajo Palabra (JLBP).

señor **PÉREZ RODRÍGUEZ**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese al(a la) señor(a) ÁNGEL E. PÉREZ RODRÍGUEZ quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación a: Institución Ponce Principal Fase 5 O-Azul #312 3699 Ponce By Pass Ponce, PR 00728-1500 o en cualquier institución en donde se encuentre.**

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

La Juez Lebrón Nieves concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones